**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 25 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

RAMON HERNANDEZ-MORALES,
aka Alfonso Martinez,
aka Jose Armando Martinez-Rivera,

  Defendant - Appellant.

No. 02-1258

(D. Colorado)

(02-CR-13-B)

**ORDER AND JUDGMENT** *

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the appellee's request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(a)(2)(C). The case is, therefore, ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ramon Hernandez-Morales, an alien who had previously been convicted of second degree assault, pleaded guilty to a charge of being in the United States unlawfully in violation of 8 U.S.C. § 1326(a). He was sentenced by the district court to seventy months' imprisonment, and now appeals his sentence. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm.

On appeal, counsel for Mr. Hernandez-Morales filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967) (permitting counsel who considers an appeal to be wholly frivolous to advise the court of that fact, request permission to withdraw from the case, and submit a brief referring to portions of the record that arguably support the appeal). In the *Anders* brief, counsel stated that he could find no error in the district court's imposition or calculation of the seventy-month sentence, and he accordingly referred to no portion of the record that might support Mr. Hernandez-Morales's appeal. Mr. Hernandez-Morales was afforded an opportunity to respond to the *Anders* brief, but declined to do so.

We have fully examined the proceedings as required by *Anders*, *id.*, and conclude that the appeal is frivolous. Mr. Hernandez-Morales does not challenge the voluntary nature of his plea. With regard to the sentencing, Mr. Hernandez-Morales only objected to the presentence report to matters relating to credit for

pretrial confinement and factual bases of prior convictions. In his objections, however, Mr. Hernandez-Morales disputed neither the fact of the prior convictions nor the sentences imposed by the state courts.

The presentence report indicated that pursuant to United States Sentencing Guidelines § 2L1.2(b)(1)(A), Mr. Hernandez-Morales would be subject to a sixteen-point increase to his base offense level of eight because he was previously deported after a conviction for a qualifying felony. The total adjusted offense level was 24, and after adjustment for acceptance of responsibility, the total offense level was 21. The presentence report computed a total of ten criminal history points based of four previous convictions. In addition, Mr. Hernandez-Morales received two additional criminal history points because the instant offense was committed less than two years from Mr. Hernandez-Morales's release from custody. Mr. Hernandez-Morales's criminal history score placed him in the criminal history category of V, and the resulting guideline range was 70-87 months. The government, as it had agreed to do in the plea agreement, recommended a sentence of seventy months, the sentence that the court then imposed.

Because Mr. Hernandez-Morales failed to challenge the presentencing report as to his previous convictions at the sentencing hearing, he waived his right to challenge the assessment of criminal history points, absent a demonstration of

plain error. *United States v. Ivy*, 83 F.3d 1266, 1297 (10th Cir. 1996). Mr. Hernandez-Morales declined to file a separate brief in this appeal. He has made no arguments regarding the assessment of criminal history points and, consequently, has made no such showing of error. Accordingly, we conclude that the district court properly applied the criminal points for his previous convictions. We therefore GRANT counsel's motion to withdraw and we DISMISS this appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge